**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

MICHAEL MAESTAS, THOMAS MAY,
JUANITO MARQUEZ, and JAHMAAL GREGORY,
on behalf of themselves and all others similarly situated,

  Plaintiffs,

v.             No. 1:09-cv-19
               COLLECTIVE ACTION
               Fair Labor Standards Act of 1938
               29 U.S.C. 216(b)

DAY & ZIMMERMAN, LLC, and
SOC, LLC,

  Defendants.

**AMENDED COMPLAINT FOR DELARATORY JUDGMENT,**
**INJUCTIVE RELIEF AND DAMAGES**

**I. Statement of the Case**

**1.** This action is brought by first and second lieutenants and captains in the private security force who are currently employed by SOC, LLC (hereafter "SOC"), and who were previously employed by Day & Zimmerman, LLC, (hereafter "D&Z"), to provide security under contract with Los Alamos National Laboratory. Plaintiffs bring this action against their present and former employer for unpaid overtime compensation, liquidated damages and for other relief under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. Sections 201-219. During the past three years and continuing to the present, Defendants have willfully failed to compensate Plaintiffs at one and one half times their regular rate of pay for all overtime hours worked. Plaintiffs are non-salaried

1

employees whose job duties entitle them to the rights of the FLSA's overtime provisions.

## II. Jurisdiction and Venue

2.   This action arises under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. Sections 201-219 (hereinafter "FLSA").

3.   Section 16(b) of the FLSA, 29 U.S.C Section 216(b), provides for bringing a civil action in any federal or state court of competent jurisdiction by any one or more employees on their own behalf and on behalf of those similarly situated to recover unpaid compensation and liquidated damages owed by reason of violation of the substantive provisions of the FLSA.  Injunctive and declaratory relief is also available.

4.   Jurisdiction is conferred upon this Court by Section 16(b) of the FLSA, 29 U.S.C. Section 216(b), and by 28 U.S.C. Sections 1331 and 1337.  The declaratory relief requested in this action is authorized by 28 U.S.C. Section 2201, and by Rule 57 of the Federal Rules of Civil Procedure.

5.   Venue is appropriate in this Court pursuant to 28 U.S.C. Section 1391(b) because the Defendant resides in this district, and because a substantial part of the events and/or omissions giving rise to this claim occurred in this district.

## III. Plaintiffs

6.   Plaintiff Michael Maestas resides, and at all times relevant hereto, has resided in Sandoval County, State of New Mexico.  Plaintiff Maestas is currently employed as a Field Lieutenant in the security force at Los Alamos National Laboratory by Defendant SOC, and he has been employed there since prior to January 2006.

7.   Plaintiff Thomas May resides, and at all times relevant hereto, has resided

in Los Alamos County, State of New Mexico.  Plaintiff May is currently employed as a Lieutenant in the security force at Los Alamos National Laboratory by Defendant SOC.  He has been employed there since August 2006.

8.  Plaintiff Juanito Marquez resides, and at all times relevant hereto, has resided in Bernalillo County, State of New Mexico.  Plaintiff Marquez is currently employed as a SASS Lieutenant/FOD Lieutenant in the security force at Los Alamos National Laboratory by Defendant SOC.  He has been employed there since prior to January, 2006.

9.  Plaintiff Jahmaal Gregory resides, and at all times relevant hereto, has resided in Sandoval County, State of New Mexico.  Plaintiff Gregory is currently employed as a Lieutenant in the security force at Los Alamos National Laboratory by Defendant SOC.  He has been employed there since prior to January, 2006.

10.  The named Plaintiffs bring this action on behalf of themselves and other employees similarly situated, as provided in Section 16(b) of the FLSA.  The named Plaintiffs and a substantial number of other first and second lieutenants and captains in the Defendant's security force have filed written consent to join this action with this Court.  Other similarly situated employees joining this action as party Plaintiffs during the pendency of the action will file their written consent to become such a party with this Court.  This Complaint uses the term "plaintiffs" to refer to all of those individuals who have filed or who will file written consent to join this action prior to its conclusion.

### IV. The Defendants

11.  Defendant D&Z is incorporated in the State of Delaware, and it regularly

transacts business in New Mexico doing business as Day & Zimmerman Limited Liability Company. On information and belief, it was the Plaintiffs' employer until January 18, 2008. The Defendant SOC, LLC, is incorporated in the State of Delaware, and it regularly transacts business in New Mexico doing business as SOC New Mexico LLC. On information and belief, it is the Plaintiffs' current employer and has been the Plaintiffs' employer since January 18, 2008. Both Defendants have the same agent for service of process in New Mexico, located in Santa Fe County, and both Defendants have a New Mexico office located in Los Alamos County. The Defendant previously operated as Protection Technology Los Alamos to provide security under contract with Los Alamos National Laboratory.

12. Defendant SOC is, and the Defendant D&Z was, at all times relevant hereto, Plaintiffs' employer, as defined by the FLSA, 29 U.S.C. Section 203(d).

### V. Factual Allegations

13. Plaintiffs work as security personnel at Los Alamos National Laboratory under the direction of their employer, the Defendant SOC.

14. Plaintiffs are, and at all times relevant hereto, were "employees" as that term is defined by the FLSA, 29 U.S.C. Section 203(e).

15. Plaintiffs are, and at all times relevant hereto, were "engaged in commerce" as that term is defined by the FLSA, 29 U.S.C. 203(s).

16. The FLSA requires employers, including Defendants D&Z and SOC, to provide overtime compensation at one and one half times their employees' normal rate of pay for all hours worked by their nonexempt employees in excess of a 40 hour work week. 29 U.S.C. Section 207.

4

**17.** The FLSA allows an employer to claim an exemption from the Act's overtime requirements for employees who are paid on a salary basis and whose duties are executive, administrative or professional in nature. 29 U.S.C. Section 213.

**18.** Plaintiffs lieutenants and captains are paid for each fraction of an hour worked over 40 in each work week, but are paid their usual hourly rate rather that one and one half times their usual hourly rate.

**19.** Plaintiffs are denied time and one-half pay for overtime work because Defendant claims that Plaintiffs' jobs are exempt from the overtime provisions of the FLSA.

**20.** Plaintiffs' jobs do not meet the requirements necessary to allow Defendants to claim an exemption from the overtime provisions of the FLSA. The Plaintiffs are not paid on a salary basis. Instead, their pay is subject to deduction for absences of less than a day, and they are paid for each fraction of an hour worked over 40 in a work week. The primary duties of the Plaintiffs consist of completing routine paperwork and performing basic security work of the same nature as that performed by other non-supervisory security personnel at Los Alamos National Laboratory. Their duties are not executive, administrative or professional in nature as those terms are defined by the FLSA.

**21.** Plaintiffs routinely work overtime hours for which they fail to receive overtime compensation at one and one half times their regular rate of pay.

**22.** Defendants have acted and continues to act knowingly and willfully in violating clear requirements of the FLSA.

**23.** Defendants' refusal to pay Plaintiffs over time compensation at one

and one-half times their pay regular hourly rate of pay for hours worked over 40 in any work week violates the FLSA, 29 U.S.C. Sections 207 and 215.

24. Defendants' failure to properly compensate Plaintiffs for overtime hours worked is a willful and knowing violation of the FLSA.

25. As a result of Defendants' willful failure to pay Plaintiffs overtime compensation at on one and one-half times their regular rate of pay, the Plaintiffs have lost substantial wages.

26. The violations alleged herein are likely to continue unless this Court grants injunctive relief. Plaintiffs have suffered and will continue to suffer irreparable harm as a result of these violations.

**WHEREFORE,** Plaintiffs respectfully request as follows:

A. That this Court enter a declaratory judgment that Defendant's failure to pay over time at one and one-half times the Plaintiffs' regular rate of pay for all hours worked over 40 hours in a work week, as alleged herein, is a willful and wrongful violation of the FLSA;

B. That this Court order Defendant, under the supervision of Plaintiffs' counsel or their designated agents, to make a complete and accurate accounting of all overtime compensation due to each Plaintiff;

C. That this Court enter a judgment under Section 16 of the FLSA, 29 U.S.C. Section 216, against Defendant for all sums due to each Plaintiff in overtime compensation;

D. That this Court award each Plaintiff and those who file consent forms monetary damages in the form of overtime compensation and liquidated damages

equal to their unpaid overtime compensation, plus interest, pursuant to 29 U.S.C. Section 216;

      E.   That this Court grant appropriate injunctive relief;

      F.   That this Court award Plaintiffs a reasonable attorney's fee and cost of this action to be paid by Defendant; and

      G.   That the Court order such further relief as it deems appropriate.

TRIAL BY JURY IS DEMANDED.

          Respectfully submitted,

          MICHAEL MAESTAS, THOMAS MAY,
          <u>JUANITO MARQUEZ, and JAHMAAL GREGORY</u>
          By Counsel

HANNAH BEST & ASSOCIATES
**Electronically Filed 4/13/2009**

<u>s/     Hannah B. Best</u>
Co-Counsel for the Plaintiffs
P.O. Box 27670
Albuquerque, NM  87125
hannahbbest@aol.com
505/247-2727

DARRELL M. ALLEN, Esq.

<u>s/     Darrell M. Allen</u>
Co-counsel for the Plaintiffs
320 Gold Avenue SW, Suite 1131
Albuquerque, New Mexico  87102
darrell.allen@voxoptima.com
505/306-1685

7

## Certificate of Service

  I hereby certify that on this 8th day of April, 2009, a true and exact copy of the foregoing AMENDED COMPLAINT FOR DELARATORY JUDGMENT, INJUCTIVE RELIEF AND DAMAGES was served on the following by electronic service through the Court's mandatory CM/ECF system.

  Whitney Warner, ESQ
  MOODY & WARNER, P. C.
  warner@nmlaborlaw.com

  Chris Moody, ESQ
  MOODY & WARNER, P. C.
  moody@nmlaborlaw.com

  Kimberly Gost, ESQ
  kgost@littler.com

            s/ Darrell M. Allen
            Darrell M. Allen, ESQ