IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICHAEL MAESTAS,
THOMAS MAY, JUANITO
MARQUEZ and JAHMAAL
GREGORY,

    Plaintiffs,
 vs.                 CIVIL NO. 09-19 JH/LFG

DAY & ZIMMERMAN, LLC,
and SOC, LLC,

    Defendants.

# MEMORANDUM OPINION AND ORDER

THIS MATTER came before the Court on a Fed. R. Civ. P. 16 scheduling conference conducted on April 27, 2009, as well as the parties' supplementary letters and proposed discovery schedules [Docs. 28, 29, and 30].

## Nature of the Case

The parties describe the case as follows:

> This case is a collective action claim for unpaid overtime compensation pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. 201, *et seq*. The basic issues in this case are whether a collective action is appropriate, whether Plaintiffs are improperly classified as exempt employees, and if so, what is the amount of unpaid overtime owing to the Plaintiffs and whether the Plaintiffs [are] entitled to liquidated damages.

[Doc. 22, Joint Status Report, p. 1.]

## Procedural and Discovery Dispute

At the outset, the parties disagree on the method and manner of proceeding to proposed certification. Plaintiffs propose that no discovery be conducted, either in support of or in opposition

to the motion for conditional collective action certification they intend to file [*See*, Doc. 22, p. 3], and further, that following a ruling on their motion, the parties engage in discovery as to the merits. After discovery, Defendants can file a motion for decertification, as appropriate.

On the other hand, Defendants request discovery on the question of whether Plaintiffs and the persons who filed consent to opt into the action are similarly situated for purposes of provisional certification. Defendants contend the question is factually driven and that they cannot adequately respond to Plaintiffs' motion for provisional certification without discovery. Accordingly, Defendants request that the Court set a schedule for limited discovery.

**Analysis**

Under the Federal Labor Standards Act ("FLSA"), an employee may bring a collective action on behalf of "similarly situated" employees. 29 U.S.C. § 216(b). "The purpose of collective action under the FLSA is to give 'plaintiffs the advantage of lower individual costs to vindicate rights by the pooling of resources,' and to benefit the judicial system 'by efficient resolution in one proceeding of common issues of law and fact arising from the same alleged . . . activity.'" Hoffmann-La Roche Inc. v. Sperling, 493 U.S. 165, 170 (1989). The court oversees the joinder of additional parties to assure the task is accomplished in an efficient and proper way. Id., at 170-71. Unlike Rule 23 class actions, putative class members under the FLSA must opt into the class rather than opt out. Thiessen v. General Electric Capital Corp., 267 F.3d 1095, 1102 (10th Cir. 2001), *cert. denied*, 536 U.S. 934 (2002).

The question before the Court is what approach to employ in determining the question of whether Plaintiffs are similarly situated and whether limited discovery should be allowed at the early stages of this litigation as to the question of provisional certification. Section 216(b) does not define the term similarly situated, and there is little circuit law on the subject. Id. If the Court decides on

applying a two-step *ad hoc* approach to the determination, generally no discovery is permitted as to the motion for provisional certification. If the Court applies or a Rule 23 class action approach, the Court might allow initial limited discovery, as proposed by Defendants.

A number of courts, including the Tenth Circuit Court of Appeals and districts courts within this Circuit, acknowledge a distinction between a collective action brought under § 216 of the FLSA and a Rule 23 class action. In Thiessen, the Tenth Circuit addressed a class action brought under the Age Discrimination in Employment Act ("ADEA"), but observed that class actions under the ADEA expressly borrowed the opt-in class action mechanism of the FLSA, § 216(b). Id. Thus, the Court examined the question of similarly situated in terms of FLSA statutory language, and further noted that such actions are not true Rule 23 class actions. Id. n. 3.

Indeed, the Tenth Circuit recognized that "Congress clearly chose not to have the Rule 23 standards apply to class actions under the ADEA, and instead adopted the 'similarly situated' standard [utilized by the FLSA]." Id. at 1105. The Court observed that to interpret the similarly situated standard by simply incorporating requirements of Rule 23 would ignore Congress' directive. Id. n. 6 (*citing* Grayson v. K Mart Corp., 79 F.3d 1086, 1096 n. 12 (11th Cir. 1996), where circuit court found that it was clear that the requirements for pursuing a § 216(b) action were independent of, and unrelated to, the requirements of a Rule 23 class action).

The Federal District Court in Kansas similarly noted the distinction between § 216(b) collective actions and Rule 23 class actions.

> There is a fundamental, irreconcilable difference between the class action described by Rule 23 and that provided for by FLSA § 16(b). In a Rule 23 proceeding a class is described; if the action is maintainable as a class action, each person within the description is considered to be a class member and, as such, is bound by judgment, whether favorable or unfavorable, unless he has "opted out" of the suit. Under § 16(b) of FLSA, on the other hand, no person can become a party plaintiff and no person will be bound by or may

3

>     benefit from judgment unless he has affirmatively "opted into" the
>     class; that is, given his written, filed consent.

Geer v. Challenge Financial Investors Corp., 2006 WL 704933, *2 (D. Kan. Mar. 14, 2006) (internal citations omitted). *See also* Bayles v. American Medical Response of Colorado, Inc., 950 F. Supp. 1053, 1063 (D. Colo. 1996) (noting holdings by a number of courts that while modern Rule 23 requirements are instructive, they are not prerequisites to maintaining a collective action under § 216(b)) (citations omitted).

In support of their position that no discovery is required in relation to the proposed motion for provisional certification, Plaintiffs rely, in part, on Bayles, where the district court surveyed case law and identified four separate approaches to defining "similarly situated" under § 216(b) of the Fair Labor Standards Act ("FLSA"). Judge Babcock stated that, under a two-step *ad hoc* approach, the court could conditionally certify a case as a collective action for notice purposes and, at this first stage, courts "require nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan . . . ." Id. at 1066. In other words, no discovery need be conducted at this early stage. The standard at the first step is a lenient but nonetheless, requires some evidence by Plaintiffs to show that the putative members were together the victims of a single decision, policy, or plan. Provisional certification is usually determined based on the allegations in the pleadings as supported by employee affidavits. Thiessen, 267 F.3d at 1103.

If, at the first stage, Plaintiffs meet their burden of showing the existence of employees who are likely to assert similar claims, the Court may, but is not required to, "conditionally" certify the collective action and allow limited discovery as to the identity of the proposed class and authorize that notice of the lawsuit be given to each putative member of the class. Fortna v. QC Holdings, Inc., No. 06-CV-0016-CVE-PJC, 2006 WL 2385303, *4 (N.D. Okla. Aug. 17, 2006) (citations

omitted).  Here, based on the parties' stipulations [Doc. 22], that Plaintiffs do not seek discovery as to the identity of the proposed class or to send out notice of the lawsuit.   Indeed, Plaintiffs oppose discovery at this stage.  [*See* Doc. 22, p. 2] (Plaintiffs stipulated that they seek to represent only those who have filed consents to opt into the case, and further stipulated that they would not send notice to the purported class because all people intended to be represented have or soon will file consents to opt in).

Thus, if, after review of the motion for provisional certification, the Court conditionally certifies the class based on allegations, discovery proceeds on the merits, and the Court makes "a second determination after discovery is completed and the case is ready for trial." Bayless, 950 F. Supp. at 1066.  This second determination is usually prompted by Defendants filing a motion to decertify the class.  At the second stage, the Court employs a stricter standard in determining the question of  similarly situated.  Thiessen, 267 F.3d at 1102-03.  During this stage, the Court examines a number of factors, for example, (1) whether a sufficient link existed between the alleged unlawful policy and the challenged employment decision; (2) whether individual issues would predominate at trial; (3) whether a trial of the action could be coherently managed and evidence presented in a manner that would not confuse the jury or unduly prejudice any party. Thiessen, 267 F.3d at 1103.  *See also* Vaszlavik v. Storage Tech. Corp., 175 F.R.D. 672, 678 (D. Colo. 1997) (in ADEA case, the court examined factors including, disparate factual and employment settings of the individual plaintiffs, the various defenses available to defendant which appear to be individual to each plaintiff, and fairness and procedural considerations).

After a thorough review of the case law, both inside and outside this Circuit, the Court determines that the majority of courts apply the two-step *ad hoc* approach in examining provisional certification of collective actions under § 216(b) of the FLSA.  *See* Thiessen, 267 F.3d at 1105

("[a]rguably, the [two-step] *ad hoc* approach is the best of the three approaches outlined because it is not tied to the Rule 23 standards."). *See also* Fortna, 2006 WL 2385303, *4 (Tenth Circuit has approved a two-step approach to determine whether the putative class members are "similarly situated" under § 216(b)); Brown v. Money Tree Mortg., Inc., 222 F.R.D. 676, 678-79 (D. Kan. 2004) (appropriate procedural vehicle for certifying a class on an FLSA claim is the opt-in mechanism of FLSA § 16(b), not Rule 23); Bayless, 950 F. Supp. at 1067 (despite the unpredictability of an *ad hoc* approach, district court saw no basis to conclude that the paradigm of Rule 23 can be engrafted upon § 216(b)); Loyd v. Ace Logistics, LLC, No. 08-CV-00188-W-HFS, 2008 WL 5211022, *2 (W.D. Mo. Dec. 12, 2008) (employing two-step *ad hoc* approach in § 216(b) collective action); Allen v. McWane, Inc., No. Civ.A.2:06-CV-158(TJ.), 2006 WL 3246531, *2 (E.D. Tex. Nov. 7, 2006) (same); Brasfield v. Source Broadband Services, LLC, No. 2:08-2092-JPM/dkv., 2008 WL 2697261 (W.D. Tenn. Jun. 3, 2008) (same); Cortez v. Nebraska Beef, Inc., Nos. 8:08CV90, 8:08CV99, 2008 WL 5076254, *4 (D. Neb. Nov. 21, 2008) (same); McKinney v. United Stor-All Centers, Inc., 585 F. Supp. 2d 6, at *8 (D.D.C. 2008) (same).

The distinction between class actions brought under Fed. R. Civ. P. 23 and collective opt-in actions brought under the FLSA is significant, and therefore, the discovery approach typically used in Rule 23 class action litigation is not generally applicable to FLSA collective actions.[1]  Thus, Court determines that while the class action approach provides for an efficient, expeditious and economical way to reach the issue of class certification under Rule 23, that process is simply not favored for collective opt-in cases.  Accordingly, this matter should proceed consistent with the two-step *ad hoc* approach used for collective cases.

---

[1] In Rule 23 cases, the Court commonly establishes a discovery schedule and limits discovery to the requisite elements needed for certification, i.e., numerosity, typicality, commonality, and adequacy of representation. Fed. R. Civ. P. 23(a).  Thereafter, a motion to certify is filed, and depending on the outcome of the motion, merits discovery proceeds.

This means that Plaintiffs are expected to file a motion for provisional certification, supported by the allegations of the amended complaint and affidavit testimony, as needed. Plaintiffs will have until June 12, 2009 to file their motion for conditional certification. Standard response and reply times are applicable.

As stated previously, the burden at this stage is light, but provisional certification is not automatic. In other words, Plaintiffs must provide some evidence to establish a colorable basis showing the putative class members are victims of single decision, policy or plan. Once the motion is submitted, no further discovery is permitted pending the Court's consideration and determination of the motion.

If the matter is provisionally certified, the Court will then issue a scheduling order and discovery on the merits will proceed. Once discovery is complete or near completion, Defendants may file a motion to decertify. At that stage, the Court will utilize a stricter standard in determining whether Plaintiffs are similarly situated. That standard is discussed above. Once the motion to decertify is fully briefed, the Court will make its determination. Based on the Court's determination as to decertification, the case proceeds either as a collective action or the named plaintiffs in the amended complaint proceed in their individual capacities.

IT IS SO ORDERED.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
Chief United States Magistrate Judge