IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**MICHAEL MAESTAS, THOMAS MAY,
JUANITO MARQUEZ, and JAHMAAL GREGORY,**
on behalf of themselves and all others similarly situated,

      **Plaintiffs,**

vs.                  Civ. No. 09-019 JCH/LFG

**DAY & ZIMMERAMN, LLC, and
SOC, LLC,**

      **Defendants.**

## MEMORANDUM OPINION AND ORDER

    This matter comes before the Court on Plaintiffs' *Motion for Conditional Certification of Collective Action*, filed June 12, 2009 [Doc. 34]. After considering the motion, briefs, the attached affidavits, and the law, and being otherwise fully informed, the Court will deny Plaintiffs' motion without prejudice.

## DISCUSSION

    Plaintiffs filed their case as a putative collective action pursuant to 29 U.S.C. § 216(b) of the Fair Labor Standards Act ("FLSA"). *See* Amended Complaint, filed April 13, 2009 [Doc. 19]. Plaintiffs, members of the private security force employed by Defendants to provide security at Los Alamos National Laboratory, contend in the Amended Complaint that they are non-salaried employees whose job duties entitle them to the rights of FLSA's overtime provisions, and that Defendants have unlawfully failed to compensate them at one and a half times their regular rate of pay for overtime hours that they have been forced to work. *See id*. at 1-2. Plaintiffs brought this action on behalf of themselves and other of Defendants' employees

"similarly situated," who either "have filed or who will file written consent to join this action prior to its conclusion." *Id*. at 3.

FLSA allows an employee to bring a collective action on behalf of other "similarly situated" employees. 29 U.S.C. § 216(b). Plaintiffs seek conditional certification of this case as a collective action. The parties initially disagreed on the breadth of discovery on this matter. Defendants contended that they should be entitled to discovery for the limited purpose of determining whether Plaintiffs and the other employees who have filed or could file consent to opt into the action are similarly situated. Plaintiffs argued that no discovery should be conducted on their motion, and that a decision on conditional certification should be made based on allegations in the pleadings as supported by employee affidavits.

In a detailed opinion, the Magistrate Judge adopted Plaintiffs' approach, finding that discovery on whether prospective members of the collective action are "similarly situated" is not necessary. *See* Memorandum Opinion and Order, filed May 13, 2009 [Doc. 32] at 6. While acknowledging that "the burden [to establish the right to conditional certification] at this stage is light," the Magistrate Judge stressed that "provisional certification is not automatic." *Id*. at 7. He held that, in order to establish their right to conditional certification, "Plaintiffs must provide some evidence to establish a colorable basis showing the putative class members are victims of a single decision, policy, or plan." *Id*.

At this time, however, Plaintiffs have failed to make the showing that all of the putative class members are similarly situated and subject to a single unlawful decision, policy, or plan. Plaintiffs' motion for conditional certification lists as grounds fifteen allegations, which they substantiate through affidavits from eight potential class members. The motion and affidavits discuss similarities among the potential class members, such as the fact that they each work eight

2

hour shifts, that their primary duties consist of completing routine paperwork and performing basic security work, the requirement that they all work overtime if scheduled to do so, that their positions must be manned at all times, that they all wear military-style uniforms issued by Defendants, that they must keep their hair to military-style regulation, and that they all maintain a Q security clearance. What the motion and assorted affidavits do not provide, however, is any evidence of an unlawful pay practice or even any reference to the method in which Plaintiffs are paid. Although the Amended Complaint contains an allegation that Plaintiffs are subject to an across-the-board policy of being classified as exempt employees under FLSA, and Defendants' Answer to the Amended Complaint admits that they treat Plaintiffs as exempt employees, Plaintiffs' motion and attached affidavits do not meet their burden to "provide some evidence to establish a colorable basis showing the putative class members are victims of a single decision, policy, or plan." *See* Memorandum Opinion and Order, filed May 13, 2009 [Doc. 32] at 7.

The Court cannot certify a class where Plaintiffs' motion fails to provide some evidence of an unlawful policy or an instance in which Plaintiffs were unfairly compensated. Simply alleging that all members of the putative class are required to perform similar functions, maintain similar security clearances, wear similar uniforms, have similar haircuts, and work overtime if scheduled does not demonstrate that the putative class members are similarly situated for FLSA purposes with respect to an allegedly unlawful policy. Indeed, the proposed class is made up of workers holding three different ranks (Major, Captain, and Lieutenant) and eight different classifications. Six of the eight declarants serve as supervisors, while the other two declarants presumably do not have supervisory authority. The motion and affidavits allege that Plaintiffs' job descriptions are subject to revision at any time, and that Plaintiffs may be asked by managers or supervisors to perform new duties. Given the different job classifications among

the potential Plaintiffs, the fact that their job duties could differ or be changed, and that some of them are supervisors and others are in non-supervisory positions, the Court cannot authorize class notice without some evidence of the unifying fact at the heart of their complaint–that they are unlawfully being denied pay to which they are entitled through a common decision, policy, or plan that applies to each member of the putative class.

Although Plaintiffs' motion and supporting documentation do not provide the Court with the evidence it needs to conditionally certify this case as a collective action at this time, the Court is denying the motion without prejudice, and will revisit the issue should Plaintiffs submit some evidence tying the putative class members together under a single allegedly unlawful decision, policy, or plan.

## **CONCLUSION**

**IT IS THEREFORE ORDERED** that Plaintiffs' *Motion for Conditional Certification of Collective Action* [Doc. 34] is DENIED without prejudice.

_____
**UNITED STATES DISTRICT JUDGE**