IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**MICHAEL MAESTAS, THOMAS MAY,
JUANITO MARQUEZ, and JAHMAAL GREGORY,**
on behalf of themselves and all others similarly situated,

          **Plaintiffs,**

vs.                                                                          Civ. No. 09-019 JCH/LFG

**DAY & ZIMMERMAN, LLC, and
SOC, LLC,**

          **Defendants.**

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Plaintiffs' *Motion to Reconsider Motion for Conditional Certification of Collective Action*, filed November 23, 2009 (hereinafter "Pl. Mot.") [Doc. 41]. After considering the motion, brief in support, Defendants' Response, and the law, and being otherwise fully informed, the Court finds that Plaintiffs' motion is not well taken and should be denied.

## DISCUSSION

Plaintiffs, members of the private security force employed by Defendants to provide security at Los Alamos National Laboratory, filed a putative collective action under the Fair Labor Standards Act ("FLSA") contending that Defendants have unlawfully failed to compensate them at one and a half times their regular rate of pay for overtime hours that they have been forced to work. *See* Amended Complaint, filed April 13, 2009 [Doc. 19] at 1-2. FLSA allows an employee to bring a collective action on behalf of other "similarly situated" employees. 29 U.S.C. § 216(b). Plaintiffs seek conditional certification of this case as a

collective action.

In setting up the framework under which the Court would make its determination of whether it should conditionally certify this case as a collective action, the Magistrate Judge adopted Plaintiffs' preferred approach, finding that discovery on whether prospective members of the collective action are "similarly situated" was not necessary. Instead, the Magistrate Judge indicated that the Court should make its initial determination of the propriety of certification based solely on allegations in the pleadings as supported by employee affidavits. Therefore, in order to establish their right to conditional certification, "Plaintiffs must provide some evidence to establish a colorable basis showing the putative class members are victims of a single decision, policy, or plan." *See* Memorandum Opinion and Order, filed May 13, 2009 [Doc. 32] at 6-7 (citing *Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1102 (10th Cir. 2001)).

In a Memorandum Opinion and Order dated November 13, 2009 [Doc. 38] the Court denied Plaintiffs' motion for conditional certification without prejudice. It ruled that "Plaintiffs have failed to make the showing that all of the putative class members are similarly situated and subject to a single unlawful decision, policy, or plan." *Id.* at 2. Although the Court recognized that Plaintiffs' Amended Complaint alleges that Plaintiffs are subject to a policy of being classified as exempt employees under FLSA, and that Defendants' Answer to the Amended Complaint admits that they treat Plaintiffs as exempt employees, it found that "Plaintiffs' motion fails to provide some evidence of an unlawful policy or an instance in which Plaintiffs were unfairly compensated," and that it could not "authorize class notice without some evidence of the unifying fact at the heart of [Plaintiffs'] complaint–that they are unlawfully being denied pay to which they are entitled through a common decision, policy, or plan that applies to each member of the putative class." *Id.* at 3-4. The Court explicitly gave Plaintiffs the opportunity to "submit

some evidence tying the putative class members together under a single allegedly unlawful decision, policy, or plan," at which point it would revisit the class certification issue. *Id.* at 4.

Instead of providing any additional evidence, Plaintiffs filed the instant Motion to Reconsider. In their motion, Plaintiffs cite *Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1102 (10th Cir. 2001), the leading Tenth Circuit case on the standard that a plaintiff must meet to receive conditional certification, the case that the Magistrate Judge cited in establishing the standard that Plaintiff had to meet, and the case that the Court followed in reaching its ruling. *Thiessen* held that, in order to establish the right to conditional certification, a plaintiff must provide "substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." 267 F.3d at 1102 (citation omitted). Plaintiffs contend that the Court erred in requiring them to show that all putative collective class members are similarly situated by being "subject to a single *unlawful* decision, policy, or plan." Pl. Mot. at 2 (emphasis in original). Plaintiffs argue that the proper standard simply requires them to present some evidence that a decision, policy, or plan put in place by Defendants applies to all putative class members, and that the decision, policy, or plan at issue need not be unlawful. *See id*.

Plaintiffs' argument misapplies *Thiessen* and demonstrates a fundamental misunderstanding of the purpose of the "similarly situated" requirement. Although *Thiessen* did not explicitly state that the common decision, policy, or plan to which each of the putative class members were subject must be unlawful, it strongly implied as much by stating that they must be "victims" of the single decision, policy, or plan. *See Thiessen*, 267 F.3d at 1102. Additionally, the district court in *Thiessen* granted conditional certification to the class based on "direct evidence of an overall policy of purported age discrimination." 267 F.3d at 1101. Clearly, a policy of age discrimination is one that violates the law, so *Thiessen* cannot credibly be cited as

3

holding that the common policy at issue need not be unlawful.  Nor did Plaintiffs identify any case in which a class was granted conditional certification based on evidence tying the putative class members together under a lawful decision, policy, or plan.

Moreover, granting conditional certification based solely on commonly applied lawful practices would make no logical sense.  The Court must assess whether purported class plaintiffs are similarly situated with respect to something tied to their legal claim, not simply whether they are similarly situated in some respect with regard to something not directly tied to the basis of the suit.  For instance, in this case, Plaintiffs present numerous examples of ways in which they are all subject to the same lawful policies, such as mandated military uniforms and haircuts, maintenance of security clearance, required levels of physical fitness, and the requirement that they work overtime when necessary.  None of these directly relate to the unlawful pay practice or policy alleged by Plaintiffs, nor did Plaintiffs present any evidence related to common pay provisions.

The Court denied Plaintiffs' motion without prejudice, so that they could supplement their motion with *any* evidence related to their allegation of unfair pay practices.  As the Court said in its previous ruling, "[g]iven the different job classifications among the potential Plaintiffs, the fact that their job duties could differ or be changed, and that some of them are supervisors and others are in non-supervisory positions, the Court cannot authorize class notice without some evidence of the unifying fact at the heart of their complaint–that they are unlawfully being denied pay to which they are entitled through a common decision, policy, or plan that applies to each member of the putative class." Memorandum Opinion and Order [Doc. 38] at 3-4.  Because Plaintiffs have not offered any of the evidence sought by the Court, and the legal basis for seeking reconsideration of the denial of conditional class certification is flawed,

Plaintiffs' motion is denied.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiffs' *Motion to Reconsider Motion for Conditional Certification of Collective Action* [Doc. 41] is DENIED.

                              _____
                              **UNITED STATES DISTRICT JUDGE**