IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICHAEL MAESTAS, THOMAS MAY,
JUANITO MARQUEZ, and JAHMAAL GREGORY,
on behalf of themselves and all others similarly situated,

        Plaintiffs,

        vs.                                      Civ. No. 09-019 WJ/LFG

DAY & ZIMMERAMN, LLC, and
SOC, LLC,

        Defendants.

**MEMORANDUM OPINION AND ORDER GRANTING RENEWED MOTION
FOR CONDITIONAL CERTIFICATION OF COLLECTIVE ACTION**

      THIS MATTER comes before the Court upon Plaintiffs' Renewed Motion for Conditional Certification of Collective Action, filed June 7, 2010 (**Doc. 66**), and following a status conference on December 18, 2013. Having reviewed the parties' briefs and applicable law, I find that Plaintiff's motion is well-taken and shall be granted.

## BACKGROUND

      This case is a collective action claim for unpaid overtime compensation pursuant to the Fair Labor Standard Act of 1938, 29 U.S.C. § 201, et seq. (hereinafter, "FLSA"). Plaintiffs are current or previous officers in a private security force employed by Defendants to provide security at Los Alamos National Laboratory (LANL). The force has a hierarchical, military-style structure, with "security officers" (SOs) and "security police officers" (SPOs) at the lowest level. SOs and SPOs are unionized and non-exempt employees who are supervised by three ranks of field supervisors. Plaintiff Maestas is a Lieutenant, Plaintiff Marquez was a Lieutenant until December 2010, Plaintiff Gregory was a Captain until September 2010, and Plaintiff May was a

Major.  Defendant SOC, LLC, is the management entity of the para-military protective force that safeguards LANL.  Defendant Day & Zimmerman, LLC, is SOC's parent corporation and has majority ownership of SOC.

Plaintiffs are non-salaried employees whose job duties entitle them to the rights of the FLSA's overtime provisions.  The basic issues, as described in the Joint Status Report (Doc. 22 at 1) are whether a collective action is appropriate, whether Plaintiffs are improperly classified as exempt employees, and if so, what is the amount of unpaid overtime owing to the Plaintiffs and whether the Plaintiffs entitled to liquidated damages.

The Amended Complaint (Doc. 19) seeks relief in the form of a declaratory judgment that Defendants' failure to pay overtime constitutes a willful and wrongful violation of the FLSA; an accounting of all overtime compensation due to each Plaintiff; and that all Plaintiffs receive compensation and liquidated damages equal to their unpaid overtime compensation, plus interest, pursuant to 29 U.S.C. § 216.

Defendants contend that Plaintiffs, as well as persons who have consented to opt into this action, are properly classified as exempt employees under the FLSA and that they have been paid in compliance with the requirements of the FLSA.  Defendants further contend that Plaintiffs are not similarly situated to each other or the group of people they seek to represent and that this case cannot appropriately proceed as a collective action, and that Defendants have acted at all times in good faith and non-willfully.

## I.    Procedural History

Plaintiffs filed an earlier motion for conditional certification of collective action (Doc 34), which United States District Judge Judith C. Herrera denied without prejudice, finding that the supporting documentation "[did] not provide the Court with the evidence it needs to conditionally certify this case as a collective action at this time. . . ."  The Court stated it would

revisit the issue "should Plaintiffs submit some evidence tying the putative class members together under a single allegedly unlawful decision, policy, or plan." Doc. 38 at 4.[1]

On June 7, 2010, Plaintiffs filed the instant motion--a second, Renewed Motion to Certify Class (Doc. 66) ("Motion to Certify"). On June 10, 2010, Defendants filed a Motion for Summary Judgment (Doc.69), and then the following day sought a stay of the briefing of Plaintiff's motion to certify, arguing that the Court's ruling on their motion for summary judgment would moot Plaintiff's Motion to Certify if the summary judgment motion were granted. The Court granted a temporary stay of briefing to respond to the motion to certify (Doc. 73).

Early on in the case, parties had disagreed on the method and manner of proceeding to proposed certification: Plaintiffs had proposed that no discovery be conducted until after the Court ruled on their motion for certification, at which point Defendants could file a motion for decertification, as appropriate. Defendants, on the other hand, requested discovery on whether Plaintiffs and opt-in individuals were similarly situated for purposes of provisional certification. United States Magistrate Judge Lorenzo F. Garcia addressed the matter of what limited discovery, if any, should be allowed at the early stages of litigation, and noted that "the discovery approach typically used in Rule 23 class action litigation is not generally applicable to FLSA collective actions." Doc. 32 at 6. Judge Garcia ruled that if the matter was provisionally certified, the Court would then issue a scheduling order and discovery on the merits will proceed. The matter would then continue under an *ad hoc* approach, where Defendants would be allowed to file a motion to decertify once discovery was complete or near completion.

---

[1] This case was initially assigned to Judge Herrera, then reassigned to District Judge Kenneth J. Gonzales, and then to undersigned.

On November 30, 2010, the Court granted summary judgment to Defendants, finding that Plaintiffs were employees who were exempt from overtime requirements under the FLSA, and entered final judgment for Defendants. Docs. 91 & 92. This ruling by the Court rendered moot Plaintiffs' Motion to Certify. Plaintiffs filed a Notice of Appeal on December 29, 2010 (Doc. 97). The Tenth Circuit affirmed the grant of summary judgment against Plaintiff May, but reversed summary judgment against Plaintiffs Gregory, Maestas and Marquez. *See Maestas v. Day & Zimmerman,* 664 F.3d 822 (10th Cir. 2012); *see also* Doc. 107. The case was remanded for further proceedings. *Id.*

After remand, the parties completed briefing on Plaintiffs' renewed motion for conditional certification (Doc. 66). The Court entered an Amended Scheduling Order setting deadlines for discovery and pretrial motions. Doc. 111. On July 23, 2012, Defendants filed a Second Motion for Summary Judgment, seeking summary judgment against Plaintiffs Maestas, Marquez and Gregory (Doc. 135). Judge Herrera granted summary judgment as to Plaintiff Gregory, concluding that Gregory is an exempt employee who is not entitled to the overtime protections of the FLSA, but found that Defendants did not carry their "heavy burden" of demonstrating "plainly and unmistakably" that Maestas and Marquez are exempt employees under the FLSA, and denied summary judgment as to those Plaintiffs. Doc. 148 at 34. Parties were ordered to file short supplemental briefs setting forth their positions regarding the class for which Plaintiffs were requesting "conditional certification," in light of the previous rulings by this Court and the Tenth Circuit. Doc. 149.[2] These briefs have been filed. Docs. 150 & 151. The Court looks first to the parties' positions as described in these supplemental briefs, based on the applicable legal standard, before turning to the merits of Plaintiffs' Motion to Certify.

---

[2] As a result of the Tenth Circuit's appeal order and the district court's subsequent rulings on Defendants' second motion for summary judgment, Plaintiffs May and Gregory had been dismissed, and Plaintiffs Maestas and Marquez remained as named Plaintiffs in the case. reassigned again to the undersigned. Docs. 154, 156.

## II.     Legal Standard

Under the Federal Labor Standards Act ("FLSA"), an employee may bring a collective action on behalf of "similarly situated" employees. 29 U.S.C. § 216(b).  "The purpose of collective action under the FLSA is to give 'plaintiffs the advantage of lower individual costs to vindicate rights by the pooling of resources,' and to benefit the judicial system 'by efficient resolution in one proceeding of common issues of law and fact arising from the same alleged . . . activity.'"  *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989).

Unlike Rule 23 class actions, putative class members under the FLSA must opt into the class rather than opt out.  *Thiessen v. General Electric Capital Corp.*, 267 F.3d 1095, 1102 (10th Cir. 2001), cert. denied, 536 U.S. 934 (2002).   The relevant question here is whether the named Plaintiffs are "similarly situated" to members of the proposed class for purposes of §216(b). Section 216(b) does not define the term "similarly situated," and there is little circuit law on the subject.  However, the Court finds that the majority of courts apply the two-step *ad hoc* approach in examining provisional certification of collective actions under §216(b) of the FLSA.  *See Thiessen,* 267 F.3d at 1105 ("[a]rguably, the [two-step] *ad hoc* approach is the best of the three approaches outlined because it is not tied to the Rule 23 standards."); *see also Bayles v. American Medical Response of Colorado, Inc.*, 950 F. Supp. 1053, 1063 (D. Colo. 1996) (noting holdings by a number of courts that while modern Rule 23 requirements are instructive, they are not prerequisites to maintaining a collective action under § 216(b)) (citations omitted).[3]  The Tenth Circuit recognized that "Congress clearly chose not to have the Rule 23 standards apply to

---

[3]   *See*  Doc. 32, in which United States Magistrate Judge Garcia references the numerous courts that have weighed in on the issue and chosen to apply the *ad hoc* approach.  The Court agrees with the analysis therein and with the conclusion that the two-step *ad hoc* approach is appropriate in this case.  Other approaches which have been used by some federal district courts are based on Rule 23 elements, despite the significant distinction between class actions brought under Rule 23 and the collective opt-in actions brought under the FLSA.

class actions under the ADEA, and instead adopted the "similarly situated standard [utilized by the FLSA]." *Thiessen*, 267 F.3d at 1105.

Under an *ad hoc* approach, a court typically makes an initial "notice stage" determination of whether plaintiffs are "similarly situated." 267 F.3d at 1102-03. At this stage, a court requires "nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *Id*. (quoting Bayles, 950 F.Supp. at 1066). If the Court conditionally certifies the class based on these allegations, discovery proceeds on the merits, and the Court then makes a second determination, usually prompted by defendant's motion to decertify, and utilizing a stricter standard of "similarly situated." *Id.* at 1102-03; *see Bayles,* 950 F.Supp. at 1066 (court makes "a second determination after discovery is completed and the case is ready for trial"). During this "second stage" analysis, a court reviews several factors, including the disparate factual and employment settings of the individual plaintiffs. *Id.*

In the second step, which occurs after the parties have engaged in discovery and the opt-in process is completed, "the court's inquiry is more stringent." *Mielke*, 313 F.Supp.2d at 762. Once it is known which employees will be part of the class, the court must reevaluate the conditional certification "to determine whether there is sufficient similarity between the named and opt-in plaintiffs to allow the matter to proceed to trial on a collective basis." Heckler, 502 F.Supp.2d at 779. At step two, the court must consider: (1) whether the plaintiffs share similar or disparate employment settings; (2) whether affirmative defenses raised by the defendant would have to be individually applied to each plaintiff; and (3) any fairness and procedural concerns. Mielke, 313 F.Supp.2d at 762.

## DISCUSSION

The parties disagree on the definition of "similarly situated." Plaintiffs contend that the named Plaintiffs and the opt-in Plaintiffs are similarly situated because they are all uniformed

officers of the protective force employed by the Defendants for purpose of safeguarding LANL, and are all subject to a single payroll policy that causes them to work in excess of 40 hours per week without overtime pay.    Defendants oppose conditional certification and contend that Plaintiffs fail to offer evidence of a common unlawful practice to support certification. Plaintiffs quibble over Defendants' use of the word "unlawful" as a requirement which must be met by the putative members of the class.  *See* Doc. 150 at 4.    The Court finds little difference between allegations of a common "unlawful" action and allegations that the members were "together the victims of a single decision, policy, or plan"—which is what proposed class members must demonstrate in order to be considered "similarly situated."

On December 18, 2013, the Court held a status conference.   In their response brief, Defendants contend that this matter should not be conditionally certified as to any members of the proposed class because the time for conditional certification has passed and Plaintiffs have not met the higher standard for certification post-discovery.   However, while discovery had commenced and some discovery was done as to the two named Plaintiffs, no substantive discovery has been done as to any of the 53 individuals who opted in thus far.   For this reason, the Court rejects Defendants' argument that the time for conditional certification has passed, because post-certification discovery has in fact not been completed.   Plaintiffs have requested discovery on these individuals, but Defendants declined to provide the requested materials because the individuals who had opted in were not named parties in the case.   Thus, without a ruling on Plaintiffs' motion for conditional certification, necessary discovery on these individuals cannot proceed on the merits.

The only inquiry at this "notice stage" of the case is whether there are substantial allegations that the putative class members were together the victims of a single decision, policy, or plan.   This is not an onerous showing to make, and the Court finds that the Amended

7

Complaint (Doc. 19) satisfies the requirements for conditional certification. Plaintiffs allege that they are lieutenants and captains who are paid for each fraction of an hour worked over 40 in each work week, but "are paid their usual hourly rate rather that [sic] one and one half times their usual hourly rate"; and that they are denied time and one-half pay for overtime work because Defendant claims that Plaintiffs' jobs are exempt from FLSA's overtime provisions. Am. Compl., ¶18, 19. They also allege that their jobs do not meet the requirements necessary to allow Defendants to claim an exemption from the overtime provisions of the FLSA, and that they are denied overtime. ¶¶ 19, 20.

Accordingly, the Court conditionally certifies the proposed class, and orders Defendants to respond to Plaintiffs' pending discovery requests. Following the completion of this discovery, the Court anticipates that Defendants may file a motion to decertify the class, in which case the Court will determine whether this case will proceed to trial on a collective basis, or whether FLSA claims will have to be individually pursued by the opt-in plaintiffs.

**THEREFORE,**

**IT IS ORDERED** that Plaintiffs' Renewed Motion for Conditional Certification of Collective Action, **(Doc. 66)** is hereby GRANTED for reasons described in this Memorandum Opinion and Order;

**IT IS FURTHER ORDERED** that Defendants shall respond to pending discovery requests by Plaintiffs, subject to the procedures established by the Federal Rules of Civil Procedure and this Court's local rules. Parties may make formal requests to the assigned Magistrate Judge for modifications to discovery deadlines and other discovery matters.

_____
UNITED STATES DISTRICT JUDGE