IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICHAEL MAESTAS, THOMAS MAY,
JUANITO MARQUEZ, and
JAHMAAL GREGORY, on behalf of themselves
and all others similarly situated,

        Plaintiffs,

      v.                                                      Civil No. 09cv0019 WJ/SMV

DAY & ZIMMERMAN, LLC, and SOC, LLC,

        Defendants.

**MEMORANDUM OPINION AND ORDER
DENYING PLAINTIFFS' MOTION IN LIMINE
TO ADMIT TANGIBLE ITEMS INTO EVIDENCE**

THIS MATTER comes before the Court upon Plaintiffs' Opposed Motion in Limine to Admit Tangible Items Into Evidence, filed October 27, 2014 (**Doc. 181**). Having reviewed the parties' briefs and applicable law, the Court finds that Plaintiffs' motion is not well-taken and, accordingly, is DENIED.

### BACKGROUND

Plaintiffs are current or previous officers in a private security force employed by Defendants to provide security at Los Alamos National Laboratory (LANL). Their equipment is for the most part military gear, including firearms. This case is a collective action claim for unpaid overtime compensation pursuant to the Fair Labor Standard Act of 1938, 29 U.S.C. § 201, et seq. (hereinafter, "FLSA") for the uniformed officers of the protective force. Litigation to date, including two separate motions for summary judgment and an appeal to the Tenth Circuit Court of Appeals, has narrowed the collective class to FOD and SRT Lieutenants (field

operations division and special response team, respectively). The Court granted conditional certification to proceed as a collective action on December 20, 2013 (Doc. 161).[1] Plaintiffs assert that they are non-exempt first responders within the meaning of 29 CFR §541.3(b)(1) ("the first responder regulation"), and therefore are entitled to overtime compensation under the FLSA. Defendants' position is that the FOD and SRT Lieutenants are exempt executive or administrative employees, or a combination of these two traditional exemptions. The first responder regulation explicitly states that employees who qualify as first responders are not exempt executive or administrative employees:

> Such employees do not qualify as exempt executive employees because their primary duty is not management of the enterprise in which the employee is employed or a customarily recognized department or subdivision thereof as required under Section 541.100. . . .

29 CFR 541.3(b)(2); and

> Such employees do not qualify as exempt administrative employees because their primary duty is not the performance of work directly related to the management or general business operations of the employer or the employer's customers as required under Section 541.200.

29 CFR 541.3(b)(3). Thus, this case will turn on the jury's determination of the Plaintiffs' primary duty, which is defined as "[t]he principal, main, major or most important duty that the employee performs." Determination of an employee's primary duty must be based on all the facts in a particular case, with the major emphasis on the character of the employee's job as a whole." 29 CFR 541.700(a).

---

[1] Parties have agreed not to present evidence at trial regarding job duties of a third class, the "CASS/SASS" Lieutenants (central alarm/scheduling specialists), and have stipulated that Plaintiffs working more than 50% of the time as a CASS or SASS are considered to be exempt employees under the FLSA. Parties still dispute the exempt status of Plaintiffs working more than 50% of the time as an FOD or SRT Lieutenant, and will proceed to trial on that issue. Also, parties have recently stipulated that the jury's determination as to the exempt status of the FOD Lieutenants will apply to the SRT Lieutenants, without presentation of evidence regarding the latter group. *See* Doc. 196 (Proposed Pretrial Order).

Plaintiffs contend that the equipment they are required to have when on duty is highly probative of this issue, and seek to introduce into evidence the "kit" that all FOD and SRT Lieutenants are required to have when on duty. The kit contains three categories of equipment, as described here:

A. Potentially Dangerous Equipment

    1. M4 Rifle – 5.56 caliber semi-automatic
    2. Glock .40 caliber handgun
    3. OC Spray – non-lethal tear gas/pepper spray
    4. Ammunition

B. Personal Protection Equipment

    5. Tactical Vest – body armor
    6. Respirator – gas mask
    7. Handcuffs with key
    8. Surefire Flashlight

C. Standard Issue Equipment

    9. Armband – colored vinyl 3X4 inches; used to identify friend or foe
    10. Authenticator Words –words randomly given during formation
    11. Current NM Drivers License
    12. Duty Belt
    13. Firearm Credential Card
    14. IFF Blue Light
    15. MR-K Earpiece
    16. Orange Vest
    17. PNAD – personal neutron detector; used to verify radiation exposure
    18. Portable Radio w/ Lapel Mic
    19. Security Badge
    20. Thermoluminate Dosimetry Badge (TLD) – device used to collect data of radiation exposure
    21. Whistle

Plaintiffs claim that photographs of the equipment will not adequately convey to the jury the facts and physical characteristics of the equipment, for example, the weight and heft of an M-4 semi-automatic or how it would feel to wear a tactical vest. They argue that this physical

evidence passes the test for relevance under Fed.R.Evid. 401 because it tends to make a fact of consequence (in this case, the primary duty issue) more probable than it would be without the evidence.  They also contend that Fed.R.Evid. 403 does not present any basis for exclusion of this evidence nor is the probative value of this evidence "substantially outweighed" by the danger of unfair prejudice, undue delay, confusion or needlessly presenting cumulative evidence.

Defendants oppose the motion, arguing that the presence of these tools in the courtroom will not assist the jury in the determination of the Plaintiffs' primary duty.  They also point to safety and security concerns which should preclude their admission into evidence under Rule 403.

The Court sees some relevance to the identification of the tools used by Plaintiffs in the course of their work on a day to day basis, but cannot conceive why photographs of these items will not suffice to convey their relevance to the jury.   While the jury may find it helpful to know what equipment Plaintiffs carry around with them all day, the jury does need not to be able to touch or handle the equipment.  The Court agrees with Defendants that if admitted as physical evidence, any relevance or probative value these tools may have to the central issue of Plaintiffs' primary duty is substantially outweighed by other considerations under Rule 403.   Despite Plaintiffs' assurance that all necessary precautions will be taken to render the listed items inoperable and courtroom-safe, the presence of these items in this courthouse will entail extensive security measures by the United States Marshals Service and other courthouse security staff.  Any relevance these items may have in this case is their identification and description of how they are used.  This can be accomplished safely and just as effectively with photographs and testimony.

Defendants also point out that the items are not owned by either Defendant SOC or Los Alamos National Security ("LANS"),[2] but rather by the Department of Energy/National Nuclear Security Administration.  This means that neither SOC nor LANS has the authority to allow removal of the requested items from the LANL property.   Thus, in addition to safety and security concerns, there is yet the hurdle of making these items available for removal from the facility.

In sum, the Court finds that the listed equipment has some relevance as to identifying the tools which Plaintiff use during their workday, but that relaying this information to the jury can be accomplished through photographs and testimony without the unnecessary burden of delay and expense related to the safety and security concerns in bringing lethal weapons and ammunition into a federal courthouse.  The physical admission of this equipment is overkill: in addition to their admission causing a danger of unfair prejudice and undue delay, there is also a danger of unfair prejudice and confusion of the central issue going to trial—which is simply a determination of Plaintiffs' primary duty.

**THEREFORE,**

**IT IS ORDERED** that Plaintiffs' Opposed Motion in Limine to Admit Tangible Items Into Evidence, filed October 27, 2014 **(Doc. 181)** is hereby DENIED for reasons described in this Order.

_____
UNITED STATES DISTRICT JUDGE

---

[2]  Defendant SOC is a subcontractor to Los Alamos National Security, LLC ("LANS").  See Defts' Ex. 1.