# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**MICHAEL MAESTAS, JUANITO MARQUEZ,**
**on behalf of themselves and all others similarly situated,**

    Plaintiffs,

v.                                                                                                                                No. 09-cv-0019 WJ/SMV

**DAY & ZIMMERMAN, LLC and SOC, LLC,**

    Defendants.

## ORDER SETTING BINDING
## HYBRID SETTLEMENT/ARBITRATION HEARING

THIS MATTER is before the Court on the Stipulated Notice of Status and Request for Settlement Facilitation with Respect to Attorney's Charging Lien [Doc. 252], filed on March 21, 2016. The underlying case has a tortuous procedural history, but essentially, it is a collective action conditionally certified under the Fair Labor Standards Act, which has been in various stages of settlement for the past nine months. *See* [Docs. 161, 242, 247]. The case was tentatively settled at a settlement conference on June 9, 2015. [Doc. 230]. Defendants formally accepted the settlement on October 14, 2015. [Doc. 242]. Plaintiffs' current counsel, Mr. Allen, and his former co-counsel, Ms. Best, have been unable to agree on an allocation of the $84,209.25 in stipulated attorney fees. [Docs. 248, 249, 252]. Although Mr. Allen and Ms. Best originally requested that the undersigned conduct a "non-binding settlement facilitation" on the dispute, they have since agreed to a different procedure.

On consent by Mr. Allen and Ms. Best (through her counsel, Ms. Seligman), the undersigned will conduct a binding hybrid mediation/arbitration. The undersigned will consider the confidential position statements of each side and will meet with them to facilitate a mutually agreeable resolution of the dispute. However, if the parties are unable to agree on a resolution, they each consent to the undersigned's final determination as to the appropriate allocation of fees. The undersigned's determination will be final and non-appealable.

The hybrid settlement/arbitration proceeding will be held on **April 25, 2016, at 9:00 a.m.** in the **Brazos Courtroom on the fifth floor of the Pete V. Domenici United States Courthouse at 333 Lomas Boulevard Northwest in Albuquerque, New Mexico**.

Mr. Allen and Ms. Best must attend in person. Those attending the proceeding must treat as confidential the information discussed, positions taken, and offers made by other participants in preparation for and during the proceeding.[1] *See generally Hand v. Walnut Valley Sailing Club*, No. 11-3228, 2012 WL 1111137 (10th Cir. Apr. 2, 2012) (unpublished) (affirming dismissal of case as sanction for violating confidentiality of settlement conference). If clients attend, counsel shall advise their clients regarding appropriate attire for appearance in federal court.

No later than **5:00 p.m. on April 18, 2016**, each side must provide the Court, in confidence, a concise position statement containing an analysis of the strengths and weaknesses of his or her position and the names of the individuals who will be attending the proceeding and

---

[1] This does not prohibit disclosures stipulated to by the parties, necessary in proceedings to determine the existence of a binding settlement agreement, or as otherwise required by law.

in what capacity. Position statements must be submitted to the Court by e-mail at VidmarChambers@nmcourt.fed.us.[2]

The settlement/arbitration proceeding will not be vacated or rescheduled except upon motion and for good cause shown. Any motion to vacate or reschedule the proceeding must provide the Court with sufficient notice to ensure that other matters may be scheduled in the time allotted for the proceeding.

The Court may contact counsel ex parte prior to the settlement/arbitration proceeding to discuss the settlement.

**IT IS THEREFORE ORDERED** as follows:

**Parties' confidential position statements**
**due to the Court:**                             April 18, 2016, by 5:00 p.m.

**Settlement/Arbitration Proceeding:**            April 25, 2016, at 9:00 a.m.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**

---

[2] Each e-mail message and its attachments cannot exceed 5 MB. Data exceeding 5 MB should be submitted in individual e-mail messages, each less than 5 MB.